**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM FRANCIS, | |
|     Plaintiff, | |
| v. | Civil Action No. 1:24-cv-04943 |
| MARLENE GUST, | |
|     Defendant. | |
| ADAM FERRARI, | |
|     Plaintiff, | Underlying Civil Action No. 3:23-cv-00455, pending in the U.S. District Court for the Northern District of Texas |
| v. | |
| WILLIAM FRANCIS, | |
|     Defendant. | |

**DEFENDANT/MOVANT WILLIAM FRANCIS'S
<u>MOTION FOR SERVICE BY SPECIAL ORDER OF COURT</u>**

William Francis ("Francis") moves this Court for entry of an order authorizing special service of a document subpoena issued in *Ferrari v. Francis*, N.D. Texas, No. 3:23-cv-455, upon defendant Marlene Gust ("Gust") by alternate means consistent with due process pursuant to Federal Rule of Civil Procedure 4(e) and 735 ILCS 5/2-203.1, in light of Ms. Gust's persistent evasion of service and, in support thereof, respectfully states as follows:

## I.  FACTUAL BACKGROUND

1.      Through the respective companies each operates, Francis and Adam Ferrari ("Ferrari") are competitors in the oil industry.  Ferrari filed the underlying lawsuit against Francis on February 28, 2023, asserting a claim for defamation, libel and slander.

2.      On May 2, 2024, Francis, the Defendant in the above-referenced Texas action, issued a subpoena ("Subpoena") for the production of documents to non-party, Gust.[1]  Production was initially required on June 3, 2024 at Veritext, 1 N. Franklin, Suite 3000, Chicago, Illinois 60606.

3.      Based on information received from a private investigator, Gust is the owner of the residence at the service address and the vehicle at the service address is registered to Gust.[2]

4.      As evidenced by the Affidavit of Non-Service dated May 20, 2024, the process server attempted unsuccessfully to serve Gust on 5/4/24, 5/7/24, 5/11/24, 5/15/24, and on 5/18/24 at her residence.[3]

5.      After these unsuccessful attempts at service, Francis retained a second process server who made further unsuccessful attempts to serve the Subpoena on Gust on 5/23/24, 5/24/24, and again on 5/26/24.[4]

6.      On June 4, 2024, an Amended Subpoena[5] was issued extending the compliance date to July 5, 2024.

---

[1] *See* **Exhibit A –** Declaration of Charlene C. Koonce @ Exhibit A-1.
[2] *See* **Exhibit B -** Affidavit of Dick Haayen**.**
[3] *See* **Exhibit C** – Affidavit of Non Service dated May 20, 2024.
[4] *See* **Exhibit D** – Affidavit of Process Server dated May 31, 2024.
[5] *See* **Exhibit A** – Declaration of Charlene C. Koonce @ Exhibit A-2.

7.      After receiving information that Gust was currently at her home, on June 4, 2024, the process server again made an unsuccessful attempt to serve the Amended Subpoena.  The process server also left a copy of the Amended Subpoena taped on Gust's front door.[6]

## II.      ARGUMENT

In instances in which diligent efforts have been made but service has been evaded, the Court may enter an order authorizing special service in any manner consistent with due process. 735 ILCS 5/2-203.1; *see also People ex rel. Waller v. Harrison*, 348 Ill. App. 3d 976, 981, 810 N.E.2d 589, 593 (2004) (authorizing substituted service where affidavit demonstrates diligent inquiries as to the location of the defendant and reasonable efforts to make service that were unsuccessful).  Here, Francis attempted to serve Gust no fewer than nine times at her residence, including multiple times when the presence of Gust's car as well as lights on in the house indicated she was home.  Accordingly, Francis should be granted leave to serve Gust through personal service by affixing a true copy of the Subpoena and a copy of the order granting this motion, to the front door of Gust's s known residence at 709 Tauber Rd. 1, New Lenox, Illinois 60451-9585.

## III.      CONCLUSION

WHEREFORE, William Francis respectfully requests the entry of an order authorizing special service on defendant Marlene Gust as proposed herein.

Dated: June 14, 2024

---

[6] *See* **Exhibit E** – Affidavit of Process Server dated June 5, 2024.

Respectfully submitted,

/s/    *Kevin B. Duff*

Kevin B. Duff
RACHLIS DUFF & PEEL LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
(312) 733-3390
kduff@rdaplaw.net

*Attorneys for Plaintiff*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM FRANCIS, | |
|     Plaintiff, | |
| v. | Civil Action No. _____ |
| MARLENE GUST, | |
|     Defendant. | |
| | |
| ADAM FERRARI, | |
|     Plaintiff, | |
| v. | Underlying Civil Action No. 3:23-cv-00455, pending in the U.S. District Court for the Northern District of Texas |
| WILLIAM FRANCIS, | |
|     Defendant. | |

## <u>DECLARATION OF CHARLENE C. KOONCE</u>

I, Charlene C. Koonce declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct.

1.    I am over the age of 18 years, have never been convicted of a felony or a crime involving moral turpitude and am qualified in all respects to make this Declaration. I have personal knowledge of all facts stated in this Declaration.

2.    I am an attorney licensed to practice law in the State of Texas and am a partner with the law firm of Brown Fox PLLC (the "Firm"). I have been licensed to practice law in Texas since 1991 and am admitted to practice before all state and federal courts in Texas, as well as the Fifth

and Eleventh Circuit Court of Appeals. I represent Defendant William Francis ("Defendant" or "Francis") in the above-referenced cause.

3.      On May 2, 2024, Defendant issued a subpoena in the above-referenced Texas action to non-party Marlene Gust ("Gust"), requiring production of documents on June 3, 2024 at Veritext, 1 N. Franklin, Suite 3000, Chicago, Illinois 60606. A true and correct copy of the Subpoena is attached as **Exhibit A-1**.

4.      On June 4, 2024, after numerous unsuccessful attempts to serve Gust at the service address, an Amended Subpoena was issued extending the compliance date to July 5, 2024. A true and correct copy of the Amended Subpoena is attached as **Exhibit A-2**.

Executed on the 13th day of June, 2024.


/s/ *Charlene C. Koonce*
CHARLENE C. KOONCE

# EXHIBIT A-1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas ▾

|  |  |
|---|---|
| Adam Ferrari | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 3:23-cv-455-S |
| William Francis | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Marlene Gust, 709 Tauber Rd. 1, New Lenox, IL 60451-9585

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhiubit A.

| Place: Veritext<br>1 N Franklin, Suite 3000<br>Chicago, IL 60606 | Date and Time:<br><br>06/03/2024 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/02/2024

_CLERK OF COURT_

                       OR

_____     /s/ Charlene C. Koonce
_Signature of Clerk or Deputy Clerk_       _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
William Francis _____ , who issues or requests this subpoena, are:
Charlene C. Koonce, Brown Fox PLLC, 8111 Preston Rd., Suite 300, Dallas, Texas 75225

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:23-cv-455-S

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                          *Server's signature*

                                      _____
                                          *Printed name and title*

                                      _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

1.      The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). By way of illustration only, Communication includes, but is not limited to, telephone conversations, letters, e-mails, SMS texts, notes, telegrams, teletypes, telecopies, memoranda, face-to-face conversations, Facebook, Whatsapp, Signal, Instagram, or Twitter communications, and any other forms of textual or written communication, including any web-based, website-based, or other forms of electronic communication or record of a communication.

2.      The terms "Document" and "Documents" are to be construed broadly and mean every type of writing, recording, photograph, screenshot, and correspondence (including emails, voicemails, text messages, instant messages, direct messages on social platforms, and any other form of recorded communication). "Document" or "Documents" includes both the original of a document and each copy or draft of the document that contains any additional writings or notations.

3.      "Ferrari" or "Mr. Ferrari" means Adam D. Ferrari, whose date of birth is December 31, 1982.

4.      "Lawsuit" means *Adam Ferrari v. William Francis*, Case No. 3:23-cv-00455-S, in the U.S. District Court for the Northern District of Texas, Dallas Division.

5.      "Relate," "related," or "relating" means, in addition to their usual and customary meanings, concerning, referring to, reflecting, regarding, pertaining to, addressing, discussing, alluding to, describing, evidencing, constituting, or otherwise having any logical or factual connection with, directly or indirectly, expressly or implicitly, the subject matter of the specific request.

6.      "Phoenix" means Phoenix Capital Group Holdings, LLC, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, and member(s), and each of its or their past and present employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys.

7.      "Phoenix's Affiliates" means Lion of Judah Capital, LLC, Lion of Judah, LLC, and Alpha & Omega Capital, LLC, and any other entity that holds any membership, ownership, or control over Phoenix.

8.      "Royalty Asset Holdings" means Royalty Asset Holdings, LP, Royalty Asset Holdings GP, LLC, and their past and present officers, directors, employees and agents, and their parents, subsidiaries, affiliates, successors, and assignees.

9.      "Alpha and Omega Capital" means Alpha and Omega Capital, LLC and its past and present officers, directors, employees and agents, and their parents, subsidiaries, affiliates, successors, and assignees.

10.     "You" or "Your" means the person or entity to whom these Requests are directed **and includes any entity in which he/she/it holds any ownership interest directly or indirectly, as well as its agents, representatives, or anyone authorized or purportedly authorized to act on their behalf**.  This definition DOES NOT INCLUDE ATTORNEYS.

11.     The words "and" and "or" shall be construed disjunctively or conjunctively to bring within the scope of each interrogatory all responses which otherwise might be construed to be outside the scope of an interrogatory.

12.     The word "any" shall be construed to include "all" and vice versa.

13.     The word "each" shall be construed to include "every" and vice versa.

14.     Any word in the singular form shall also be construed as plural and vice versa.

15.     Any undefined term that you contend is ambiguous or of uncertain meaning shall have the ordinary and customary meaning as provided by dictionaries, including Merriam-Webster or Black's Law Dictionary.

## INSTRUCTIONS

1.     In producing the requested Documents, provide all Documents in Your possession, custody and/or control. This includes, without limitation, Documents which may be in the physical possession of another person and/or entity such as Your advisors, attorneys, investigators, employees, agents, associates, affiliates, and/or representatives.

2.     Documents shall be produced as they have been kept in the usual course of business and shall not be shuffled or otherwise rearranged. Alternatively, You may produce Documents organized and labeled to correspond to the category number to which the Documents are responsive. Documents that are found stapled, clipped, or otherwise fastened together shall be produced in such form. If there is no document responsive to any particular category, You shall so state in writing.

3.     All metadata of electronic Documents must be preserved and produced.

4.     If any portion of a Document is responsive, then the entire Document shall be produced. If the Document contains privileged material, produce the entire Document with the privileged material redacted, noting the redactions on the face of the Document.

5.     If information stored in, or accessible through, computer or other data retrieval systems is produced, it must be accompanied with instructions and all other materials necessary to use or interpret such data.

6.     All Documents which cannot be legibly copied should be produced in their original form.

7.     If any Document is withheld under a claim of privilege, You shall furnish a list specifying each such document and providing information sufficient to enable Plaintiff and the

Court to evaluate the validity of the withholding. Any Document or part of a Document withheld under a claim of privilege must be preserved.

8.      This request for Documents shall be deemed continuing in nature so as to require prompt supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure in the event You become aware of, or acquire within Your possession, custody or control additional responsive Documents at any time hereafter.

9.      If you do not have documents that are responsive to a certain Request, you are instructed to indicate this is the case in your response.

10.      Unless stated otherwise, the time frame for all Requests is March 1, 2019 to the present.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      All communications between You and Adam Ferrari, which evidence, refer, or relate to: (a) any authority or control Ferrari exercised or possessed with respect to Phoenix, Alpha & Omega Capital, Lion of Judah Capital, LLC or Lion of Judah, LLC; (b) any negotiations regarding the purchase, sale, assignment, or lease of any asset related to Phoenix or Phoenix's Affiliates; (c) the Lawsuit; (d) Ferrari's plea to a felony; (e) Ferrari's title, work description, manner of employment, economic interest, or affiliation (i.e., contractor, employee, officer, owner) with Phoenix or Phoenix's Affiliates (including Alpha and Omega Capital); (f) Ferrari's role as Phoenix's "founder"; (g) any public statements or disclosures by Phoenix that reference or relate to Ferrari; or (h) Phoenix's or Phoenix's Affiliates' organizational structure or capitalization. *(This Request does not seek trade secret information, and Francis agrees that any specific acreage, pricing, or related information may be redacted from responsive documents).*

2.      All communications between You and Phoenix, which evidence, refer, or relate to: Phoenix's or Phoenix's Affiliates' organizational structure or capitalization.

3.      All communications between You and any person or entity, including but not limited to Lindsey Wilson or Phoenix, that evidence, refer, or relate to: (a) any authority or control Ferrari exercised or possessed with respect to Phoenix, Alpha and Omega Capital, Lion of Judah Capital, LLC or Lion of Judah, LLC; (b) the Lawsuit; (b) Ferrari's plea to a felony; (c) Ferrari's title, work description, manner of employment, economic interest, or affiliation (i.e., contractor, employee, officer, owner) with Phoenix or Phoenix's Affiliates (including Alpha and Omega Capital); and (d) Ferrari's role as Phoenix's "founder".

4.      All communications between You and DGF@phxcapitalgroup.com.

5.      All communications between You and any person or entity, including but not limited to Adam Ferrari, Lindsey Wilson, or Phoenix, regarding Alpha and Omega Capital, LLC's assignment or transfer of any oil and gas lease, drilling title opinion, division order title opinion,

indexes, or mineral ownership spreadsheet/reports, directly or indirectly, to Phoenix *(This Request does not seek trade secret information, and Francis agrees that any specific acreage, pricing, or related information may be redacted from responsive documents).*

6.      All communications between You and any person or entity, including but not limited to Adam Ferrari, Lindsey Wilson, or Phoenix, regarding Alpha and Omega Capital's assignment of the oil and gas lease to Phoenix evidenced in the assignment attached as **__Exhibit 1__**.

7.      All documents produced by You to Ferrari in response to or in connection with any subpoena or the Lawsuit.

# EXHIBIT 1

4626313 03/26/2020 10:44 AM
Total Pages: 3  Rec Fee: $23.00
Carly Koppes - Clerk and Recorder, Weld County, CO

## ASSIGNMENT OF OIL AND GAS LEASE

KNOW ALL MEN BY THESE PRESENTS:

THAT for and in consideration of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, **Alpha and Omega Capital, LLC,** a Colorado limited liability company, whose address is **19 Old Town Square Suite 238, Fort Collins, CO 80524,** hereinafter called Assignor, does hereby sell, assign, transfer and set over unto **Phoenix Capital Group Holdings, LLC,** a Delaware limited liability company, whose address is **P.O. Box 363, El Segundo, CA 90245,** hereinafter called Assignee, all of Assignor's right, title and interest in and to those certain Oil and Gas Leases described on Exhibit "A", attached hereto and made a part hereof, insofar as said leases cover the described lands in Weld County, Colorado, together with the rights incident thereto and the personal property, appurtenant thereto, or used or obtained in connection therewith.

This Assignment is made without warranty of any kind, express or implied or statutory, except that Assignor warrants title to the lease from and against all persons claiming by, through and under Assignor, but not otherwise.

All of the provisions of this Assignment shall be available to and building upon the respective heirs, executors, administrators, successors and assigns of the Assignor and Assignee herein.

**SIGNATURE TO BE INCLUDED ON ADDITIONAL PAGES. THE REST OF THIS PAGE IS LEFT INTENTIONALLY BLANK.**

1

EXECUTED on the date stated in the acknowledgement and EFFECTIVE for all purposes as of 1st day of November of 2019.

**Assignor:**
Alpha and Omega Capital, LLC

*Marlene G. Gust*

BY: Marlene G. Gust
ITS: Manager


                                                    ACKNOWLEDGEMENT

STATE OF ILLINOIS                §
                                 §
COUNTY OF WILL                   §

The foregoing instrument was acknowledged before me this _22nd_ day _August_, 2020, by **Marlene G. Gust, Manager of Alpha and Omega Capital, LLC**, to me known to be the identical person(s) described herein, and who executed the within and foregoing instrument of writing and acknowledgment to me that he / she duly executed the same as his / her free and voluntary act and deed for the uses and purposes therein set forth.

My commission expires _1/2/2023_

Notary Public in and for the State of _Illinois_

Witness my hand and official seal.

"OFFICIAL SEAL"
CHERYL L DESKE
Notary Public, State of Illinois
My Commission Expires 1/2/2023

2

Exhibit "A"

OIL AND GAS LEASE

Lessor:          Royalty Asset Holdings, LP
Lessee:          Alpha and Omega Capital, LLC
Lease Date:      11/1/2019
County:          Weld County, Colorado
Recording Info:  #4552274
Lands Covered:   Township 1 North, Range 64 West, 6th P.M.
                 Section 18: Part of the NW/4, described as Lot B of Recorded Exemption No. 1475-18-2-RE-2999, recorded May 10, 2001 at reception no. 2847436, in the records of Weld County, CO.

                 Section 18: Part of the N/2NW/4, described as Lot A of Recorded Exemption No. 1475-18-2-RE-4750, recorded March 3, 2008 at reception no. 3538968, in the records of Weld County, CO.

                 Section 18: Part of the NW/4, described as Lot A of Recorded Exemption No. 1475-18-2-RE-1777, recorded October 24, 1995 at reception no. 2460777, in the records of Weld County, CO.

End of Exhibit "A"

EXHIBIT A-2

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

Northern District of Texas

| | | |
|---|---|---|
| Adam Ferrari | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 3:23-cv-455-S |
| | ) | |
| William Francis | ) | |
| _Defendant_ | ) | |

### AMENDED SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Marlene Gust, 709 Tauber Rd. 1, New Lenox, IL 60451-9585

_____
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A.

| Place: Veritext<br>1 N. Franklin, Suite 3000<br>Chicago, IL 60606 | Date and Time:<br><br>07/05/2024 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/04/2024

_CLERK OF COURT_

OR

_____     _____
_Signature of Clerk or Deputy Clerk_          /s/Charlene C. Koonce
                                                              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____

William Francis _____, who issues or requests this subpoena, are:

Charlene C. Koonce, Brown Fox PLLC, 8111 Preston Rd., Ste. 300, Dallas, Texas 75225 (214) 327-5000
charlene@brownfoxlaw.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:23-cv-455-S

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                              *Server's signature*

                                       _____
                                              *Printed name and title*

                                       _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

1.      The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). By way of illustration only, Communication includes, but is not limited to, telephone conversations, letters, e-mails, SMS texts, notes, telegrams, teletypes, telecopies, memoranda, face-to-face conversations, Facebook, Whatsapp, Signal, Instagram, or Twitter communications, and any other forms of textual or written communication, including any web-based, website-based, or other forms of electronic communication or record of a communication.

2.      The terms "Document" and "Documents" are to be construed broadly and mean every type of writing, recording, photograph, screenshot, and correspondence (including emails, voicemails, text messages, instant messages, direct messages on social platforms, and any other form of recorded communication). "Document" or "Documents" includes both the original of a document and each copy or draft of the document that contains any additional writings or notations.

3.      "Ferrari" or "Mr. Ferrari" means Adam D. Ferrari, whose date of birth is December 31, 1982.

4.      "Lawsuit" means *Adam Ferrari v. William Francis*, Case No. 3:23-cv-00455-S, in the U.S. District Court for the Northern District of Texas, Dallas Division.

5.      "Relate," "related," or "relating" means, in addition to their usual and customary meanings, concerning, referring to, reflecting, regarding, pertaining to, addressing, discussing, alluding to, describing, evidencing, constituting, or otherwise having any logical or factual connection with, directly or indirectly, expressly or implicitly, the subject matter of the specific request.

6.      "Phoenix" means Phoenix Capital Group Holdings, LLC, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, and member(s), and each of its or their past and present employees, managers, agents, officers, directors, representatives, consultants, accountants, and attorneys.

7.      "Phoenix's Affiliates" means Lion of Judah Capital, LLC, Lion of Judah, LLC, and Alpha & Omega Capital, LLC, and any other entity that holds any membership, ownership, or control over Phoenix.

8.      "Royalty Asset Holdings" means Royalty Asset Holdings, LP, Royalty Asset Holdings GP, LLC, and their past and present officers, directors, employees and agents, and their parents, subsidiaries, affiliates, successors, and assignees.

9.      "Alpha and Omega Capital" means Alpha and Omega Capital, LLC and its past and present officers, directors, employees and agents, and their parents, subsidiaries, affiliates, successors, and assignees.

10.     "You" or "Your" means the person or entity to whom these Requests are directed **and includes any entity in which he/she/it holds any ownership interest directly or indirectly, as well as its agents, representatives, or anyone authorized or purportedly authorized to act on their behalf**.  This definition DOES NOT INCLUDE ATTORNEYS.

11.     The words "and" and "or" shall be construed disjunctively or conjunctively to bring within the scope of each interrogatory all responses which otherwise might be construed to be outside the scope of an interrogatory.

12.     The word "any" shall be construed to include "all" and vice versa.

13.     The word "each" shall be construed to include "every" and vice versa.

14.     Any word in the singular form shall also be construed as plural and vice versa.

15.     Any undefined term that you contend is ambiguous or of uncertain meaning shall have the ordinary and customary meaning as provided by dictionaries, including Merriam-Webster or Black's Law Dictionary.

## **INSTRUCTIONS**

1.      In producing the requested Documents, provide all Documents in Your possession, custody and/or control. This includes, without limitation, Documents which may be in the physical possession of another person and/or entity such as Your advisors, attorneys, investigators, employees, agents, associates, affiliates, and/or representatives.

2.      Documents shall be produced as they have been kept in the usual course of business and shall not be shuffled or otherwise rearranged. Alternatively, You may produce Documents organized and labeled to correspond to the category number to which the Documents are responsive. Documents that are found stapled, clipped, or otherwise fastened together shall be produced in such form. If there is no document responsive to any particular category, You shall so state in writing.

3.      All metadata of electronic Documents must be preserved and produced.

4.      If any portion of a Document is responsive, then the entire Document shall be produced. If the Document contains privileged material, produce the entire Document with the privileged material redacted, noting the redactions on the face of the Document.

5.      If information stored in, or accessible through, computer or other data retrieval systems is produced, it must be accompanied with instructions and all other materials necessary to use or interpret such data.

6.      All Documents which cannot be legibly copied should be produced in their original form.

7.      If any Document is withheld under a claim of privilege, You shall furnish a list specifying each such document and providing information sufficient to enable Plaintiff and the

Court to evaluate the validity of the withholding. Any Document or part of a Document withheld under a claim of privilege must be preserved.

8.      This request for Documents shall be deemed continuing in nature so as to require prompt supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure in the event You become aware of, or acquire within Your possession, custody or control additional responsive Documents at any time hereafter.

9.      If you do not have documents that are responsive to a certain Request, you are instructed to indicate this is the case in your response.

10.     Unless stated otherwise, the time frame for all Requests is March 1, 2019 to the present.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      All communications between You and Adam Ferrari, which evidence, refer, or relate to: (a) any authority or control Ferrari exercised or possessed with respect to Phoenix, Alpha & Omega Capital, Lion of Judah Capital, LLC or Lion of Judah, LLC; (b) any negotiations regarding the purchase, sale, assignment, or lease of any asset related to Phoenix or Phoenix's Affiliates; (c) the Lawsuit; (d) Ferrari's plea to a felony; (e) Ferrari's title, work description, manner of employment, economic interest, or affiliation (i.e., contractor, employee, officer, owner) with Phoenix or Phoenix's Affiliates (including Alpha and Omega Capital); (f) Ferrari's role as Phoenix's "founder"; (g) any public statements or disclosures by Phoenix that reference or relate to Ferrari; or (h) Phoenix's or Phoenix's Affiliates' organizational structure or capitalization. *(This Request does not seek trade secret information, and Francis agrees that any specific acreage, pricing, or related information may be redacted from responsive documents).*

2.      All communications between You and Phoenix, which evidence, refer, or relate to: Phoenix's or Phoenix's Affiliates' organizational structure or capitalization.

3.      All communications between You and any person or entity, including but not limited to Lindsey Wilson or Phoenix, that evidence, refer, or relate to: (a) any authority or control Ferrari exercised or possessed with respect to Phoenix, Alpha and Omega Capital, Lion of Judah Capital, LLC or Lion of Judah, LLC; (b) the Lawsuit; (b) Ferrari's plea to a felony; (c) Ferrari's title, work description, manner of employment, economic interest, or affiliation (i.e., contractor, employee, officer, owner) with Phoenix or Phoenix's Affiliates (including Alpha and Omega Capital); and (d) Ferrari's role as Phoenix's "founder".

4.      All communications between You and DGF@phxcapitalgroup.com.

5.      All communications between You and any person or entity, including but not limited to Adam Ferrari, Lindsey Wilson, or Phoenix, regarding Alpha and Omega Capital, LLC's assignment or transfer of any oil and gas lease, drilling title opinion, division order title opinion,

indexes, or mineral ownership spreadsheet/reports, directly or indirectly, to Phoenix *(This Request does not seek trade secret information, and Francis agrees that any specific acreage, pricing, or related information may be redacted from responsive documents).*

6.      All communications between You and any person or entity, including but not limited to Adam Ferrari, Lindsey Wilson, or Phoenix, regarding Alpha and Omega Capital's assignment of the oil and gas lease to Phoenix evidenced in the assignment attached as **<u>Exhibit 1</u>**.

7.      All documents produced by You to Ferrari in response to or in connection with any subpoena or the Lawsuit.

# EXHIBIT 1

## ASSIGNMENT OF OIL AND GAS LEASE

KNOW ALL MEN BY THESE PRESENTS:

THAT for and in consideration of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, **Alpha and Omega Capital, LLC**, a Colorado limited liability company, whose address is **19 Old Town Square Suite 238, Fort Collins, CO 80524,** hereinafter called Assignor, does hereby sell, assign, transfer and set over unto **Phoenix Capital Group Holdings, LLC**, a Delaware limited liability company, whose address is **P.O. Box 363, El Segundo, CA 90245,** hereinafter called Assignee, all of Assignor's right, title and interest in and to those certain Oil and Gas Leases described on Exhibit "A", attached hereto and made a part hereof, insofar as said leases cover the described lands in Weld County, Colorado, together with the rights incident thereto and the personal property, appurtenant thereto, or used or obtained in connection therewith.

This Assignment is made without warranty of any kind, express or implied or statutory, except that Assignor warrants title to the lease from and against all persons claiming by, through and under Assignor, but not otherwise.

All of the provisions of this Assignment shall be available to and building upon the respective heirs, executors, administrators, successors and assigns of the Assignor and Assignee herein.

**SIGNATURE TO BE INCLUDED ON ADDITIONAL PAGES. THE REST OF THIS PAGE IS LEFT INTENTIONALLY BLANK.**

1

EXECUTED on the date stated in the acknowledgement and EFFECTIVE for all purposes as of 1st day of November of 2019.

**Assignor:**
Alpha and Omega Capital, LLC

*Marlene G. Gust*

BY: Marlene G. Gust
ITS: Manager

ACKNOWLEDGEMENT

STATE OF ILLINOIS          §
                           §
COUNTY OF WILL             §

The foregoing instrument was acknowledged before me this _22nd_ day _August_, 2020, by **Marlene G. Gust, Manager of Alpha and Omega Capital, LLC**, to me known to be the identical person(s) described herein, and who executed the within and foregoing instrument of writing and acknowledgment to me that he / she duly executed the same as his / her free and voluntary act and deed for the uses and purposes therein set forth.

My commission expires _1/2/2023_

Witness my hand and official seal.

Notary Public in and for the State of _Illinois_

"OFFICIAL SEAL"
CHERYL L DESKE
Notary Public, State of Illinois
My Commission Expires 1/2/2023

2

Exhibit "A"

OIL AND GAS LEASE

Lessor:          Royalty Asset Holdings, LP
Lessee:          Alpha and Omega Capital, LLC
Lease Date:      11/1/2019
County:          Weld County, Colorado
Recording Info:  #4552274
Lands Covered:   Township 1 North, Range 64 West, 6th P.M.
                 Section 18: Part of the NW/4, described as Lot B of Recorded Exemption No. 1475-18-2-RE-2999, recorded May 10, 2001 at reception no. 2847436, in the records of Weld County, CO.

                 Section 18: Part of the N/2NW/4, described as Lot A of Recorded Exemption No. 1475-18-2-RE-4750, recorded March 3, 2008 at reception no. 3538968, in the records of Weld County, CO.

                 Section 18: Part of the NW/4, described as Lot A of Recorded Exemption No. 1475-18-2-RE-1777, recorded October 24, 1995 at reception no. 2460777, in the records of Weld County, CO.

End of Exhibit "A"

3

# EXHIBIT B

----- AFFIDAVIT -----

Comes now RICHARD J. HAAYEN, JR., who states as follows:

1. I am a Texas licensed investigator, licensed since 1993 with the Texas Department of Public Safety, license number A-7188. I am also a member investigator with TALI (Texas Association of Licensed Investigators) and WAD (World Association of Detectives).

2. I am a citizen of the United States of America.

3. I am over the age of majority and not a party to the within action.

4. I am a resident of the County of Cooke, State of Texas.

5. All the information contained in this declaration is of my own personal knowledge, and I would be competent to testify thereto if required to do so.

6. On or about May 7, 2024, I conducted location research regarding Marlene G. Gust ("Gust") in order to deliver service of a subpoena. Gust is listed as the Manager of ALPHA AND OMEGA CAPITAL, LLC, a Colorado Limited Liability Company, on a gas lease dated August 22, 2020.

7. During this research (which included credit bureau headers, driver's license records, voter registrations, vehicle ownership, property ownership, social media activity, and phone records) we found that Gust, born 11/27/1952 (Age: 71), has owned the residence at 709 Tauber Road, New Lenox, Illinois 60451-9585, since October 17, 2003, via the Marlene Gust Trust. Gust's Illinois driver's license, G23054752937, is also listed at this address. Gust also has a white 2020 Kia Optima LX (Illinois Plate S807478, Expires 11/2024) registered at this address. Her apparent cell phone, 708-269-4553, is also listed at 709 Tauber Road, New Lenox, IL 60451-9585.

- 1 -

8. Attempts were made to contact Gust through the phone number 708-269-4553, but no response was received.

9. I believe that Gust's legal residence is 709 Tauber Road, New Lenox, IL 60451-9585, and that she can be lawfully served with documents at that location.

FURTHER AFFIANT SAYETH NOT.


I, THE UNDERSIGNED, do hereby declare under penalty of perjury in accordance with the laws of the State of Texas and the laws of the United States of America, that the foregoing is true and correct to the best of my belief and that this Affidavit was executed at Cooke County, State of Texas on the _13th_ day of _June_, _2024_.

Richard J. Haayen, Jr.

Texas Licensed Investigator A-7188

VERIFICATION:  On this day personally appeared _Richard J. Haayen_, known to me to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct. Given my hand and seal of office on this ___13___ day of ___June___, 20_24_.



SARAH HESS
My Notary ID # 126824141
Expires March 26, 2025

Notary in and for the State of _Texas_

# EXHIBIT C

## AFFIDAVIT OF NON SERVICE

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

**Case #: 3:23-cv455-S**
**Court Date: 5/27/2024**
**Court Time: 9:00 AM**

| | |
|---|---|
| **Adam Ferrari** | Plaintiff |
| **vs.** | |
| **William Francis** | Defendant |

State of Illinois, County of Kane SS:

The undersigned, being first duly sworn, on oath deposes and says: that s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be witness therein.

Affiant states s(he) attempted to serve **Marlene Gust**, at **709 Tauber Rd, New Lenox, IL 60451**, with the **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; $40.00 Witness Fee Check (Received 5/2/2024 at 5:22 AM)** and after due search, careful inquiry and diligent attempts, was unable to effect service for the following reasons:

| | | |
|---|---|---|
| 05/04/2024 | 07:55 AM | No answer at this condo/apartment. No car found and the phone number provided of (815) 485-4419 is not working. |
| 05/07/2024 | 09:46 AM | No answer at the front door and no car in the parking area.Left a delivery notice. |
| 05/11/2024 | 01:45 PM | No answer and no car in the parking lot. Notice is gone. Left a second delivery notice. |
| 05/15/2024 | 05:54 PM | No answer at the apartment door. Looks like some light coming from inside the apartment. The second notice is gone. No car in the parking lot. |
| 05/18/2024 | 07:15 PM | No answer at the front door but there is light coming from the front window. No car in the parking area. |

SUBSCRIBED AND SWORN to before me on the 20th day of May, 2024.

I declare under penalties of perjury that the information contained herein is true and correct.

_____
NOTARY PUBLIC

**OFFICIAL SEAL**
**JOAN C HARENBERG**
NOTARY PUBLIC, STATE OF ILLINOIS
Commission No. 715300
My Commission Expires 04/28/2025

_____
Steve Rozhon
Registration No: 117-001119

**Malone Process Service LLC, PO Box 720040, Dallas, TX 75372 (877) 997-3783**

CLIENT: **Malone Process Service LLC**
FILE #:

Job #: 572025

# EXHIBIT D

# Affidavit of Process Server

_Adam Ferrari_ vs. _William Francis_                 _3:23CV4555_
Plaintiff/Petitioner            Defendant/Respondent              Case#

Being duly sworn, on my oath, I _Barry A Savage Sr_

declare that I am a citizen of the United States, over the age of eighteen and not a party to this action.

**Service:**    I served _Marlene trust_

NAME OF PERSON/ENTITY BEING SERVED

with the (documents)   ☒ Subpoena with $ _0_ witness fee and mileage

☐ _____

_____

_____

_____

by serving (NAME)  _____

at ☐ Home    _709 Tauber Rd 1, New Lenox, IL_

☐ Business  _____

☐ on (DATE)  _____ at (TIME) _____

Thereafter copies of the documents were mailed by prepaid, first class mail on (DATE) _____

From (CITY) _____        (STATE) _____

**Manner of Service:**

☐ By Personal Service

☐ By delivering, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof, namely,

☐ By leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the general nature of the papers

☐ By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:**  After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Evading        ☒ Other: _Never anyone swer._
☐ Address does not exist  ☐ Service cancelled by litigant   _According to neighbors she's_
☐ Moved, Left no forwarding  ☒ Unable to serve in a timely fashion   _a home care giver_

**Service Attempts:**  Service was attempted on: ( ) _____ , ( ) _____ , ( ) _____

| DATE | TIME | | DATE | TIME | | DATE | TIME |
|------|------|--|------|------|--|------|------|
| _5/23/24 @ 6PM_ | | _5/24/24 10:04AM_ | | | _5/26/24 @ 1:11PM_ | | |

( ) _____ , ( ) _____ , ( ) _____

DATE    TIME            DATE    TIME            DATE    TIME

**Description:**

☐ Male    ☐ White    ☐ Black Hair   ☐ White Hair   ☐ 14-20 Yrs.   ☐ Under 5'   ☐ Under 100 Lbs.
☐ Female  ☐ Black    ☐ Brown Hair   ☐ Balding      ☐ 21-35 Yrs.   ☐ 5'-5'3"    ☐ 100-130 Lbs.
          ☐ Hispanic ☐ Blond Hair                  ☐ 36-50 Yrs.   ☐ 5'4"-5'8"  ☐ 131-160 Lbs.
☐ Glasses ☐ Asian    ☐ Gray Hair    ☐ Mustache     ☐ 51-65 Yrs.   ☐ 5'9"-6'    ☐ 161-200 Lbs.
          ☐ Indian   ☐ Red Hair     ☐ Beard        ☐ Over 65 Yrs. ☐ Over 6'    ☐ Over 200 Lbs.

OTHER IDENTIFYING FEATURES: _____

State of Illinois   County of Cook

_B_____ A Savage_
SERVED BY

Subscribed and sworn to before me
A notary public, this _31_ day of _May_ 20 _24_

LASALLE PROCESS SERVERS
ILLINOIS PRIVATE DETECTIVE LICENSE# 117-001432

OFFICIAL SEAL
ANDREW JAY RAPHAEL
Notary Public, State of Illinois
Commission No. 981147
My Commission Expires November 13 2027

_____
Notary Public

CHARTER MEMBER NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

# EXHIBIT E

# Affidavit of Process Server

| Adam Ferrari | vs | William Francis | 23CV455S |
|---|---|---|---|
| Plaintiff/Petitioner | | Defendant/Respondent | Case# |

Being duly sworn, on my oath, I **Barry A Savage Sr.**

declare that I am a citizen of the United States, over the age of eighteen and not a party to this action.

**Service:** I served **Marlene Gust**

NAME OF PERSON/ENTITY BEING SERVED

with the (documents) ☐ Subpoena with $ NONE witness fee and mileage

by serving (NAME) Posted on door I am certain she was in unit but would not come to the door to accept

at ☐ Home 709 Tauber Rd 1 New Lenox, Il

☐ Business

☐ on (DATE) 4-Jun-24 at (TIME) 12:35 PM

Thereafter copies of the documents were mailed by prepaid, first class mail on (DATE)

From (CITY) (STATE)

**Manner of Service:**

☐ By Personal Service

☐ By delivering, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof, namely,

☐ By leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the general nature of the papers

☑ By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address ☐ Evading ☐ Other:

☐ Address does not exist ☐ Service cancelled by litigant

☐ Moved, Left no forwarding ☐ Unable to serve in a timely fashion

**Service Attempts:** Service was attempted on: ( ) .( ) .( )

DATE TIME DATE TIME DATE TIME

( ) .( ) .( )

DATE TIME DATE TIME DATE TIME

**Description:**

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Male | ☐ White | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☐ Female | ☐ Black | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'-5'3" | ☐ 100-130 Lbs. |
| | ☐ Hispanic | ☐ Blond Hair | | ☐ 36-50 Yrs. | ☐ 5'4"-5'8" | ☐ 131-160 Lbs. |
| ☐ Glasses | ☐ Asian | ☐ Gray Hair | ☐ Mustache | ☐ 51-65 Yrs. | ☐ 5'9"-6' | ☐ 161-200 Lbs. |
| | ☐ Indian | ☐ Red Hair | ☐ Beard | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

OTHER IDENTIFYING FEATURES: Mrs. Gust was in the unit. When I rang bell a dog started

barking then stopped suddenly. I am sure she was in the unit refused to come to the door

State of Illinois County of Cook

Subscribed and sworn to before me
A notary public, this 3 day of May 20 24

SERVED BY
LaSALLE PROCESS SERVERS
ILLINOIS PRIVATE DETECTIVE LICENSE# 117-001432

Notary Public

**OFFICIAL SEAL**
ANDREW JAY RAPHAEL
Notary Public, State of Illinois
Commission No. 981147
My Commission Expires November 13 2027

CHARTER MEMBER NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

Case: 1:24-cv-04561 Document #: 1 Filed: 06/14/24 Page 41 of 41 PageID #:41

